**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

Elisabeth Serian,

Plaintiff-Appellant,

v.

JETBLUE AIRWAYS CORPORATION,

Defendant-Appellee.

Case No. 25-12433-AA

**APPELLANT'S OPENING BRIEF**

I. TABLE OF CONTENTS…………………………………………………………..1

II. TABLE OF AUTHORITIES……………………………………………………2

III. CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT…………………………………………………..5

IV. JURISDICTIONAL STATEMENT……………………………………………7

V. STATEMENT OF ISSUES…………………………………………...…………7

VI. STATEMENT OF THE CASE…………………………………………………8

VII. SUMMARY OF ARGUMENT…………………………………………………13

VIII. ARGUMENT…………………………………………………………………...15

1

IX. CONCLUSION……………………………………………………..…20

X. CERTIFICATE OF COMPLIANCE……………………………………..20

XI. CERTIFICATE OF SERVICE…………………………………………..21

## II. TABLE OF AUTHORITIES

## CASES

Akridge v. Alfa Mutual Insurance Co., No. 19-10827 (11th Cir. 2021).………..….9

Amey v. U.S. Postal Serv., EEOC Appeal No. 0120112727 (Oct. 19, 2011)..……16
(https://www.eeoc.gov/federal-sector/digest/digest-equal-employment-opportunity-law-58)

Beasley v. O'Reilly Auto Parts, 69 F.4th 744, 756, (11th Cir. 2023).…………15, 19

Burlington N. & S.F.R. Co. v. White, 548 U.S. 53, 68 (2006)……………………12

Carter v. West Pub. Co., 225 F.3d 1258, 1263 (11th Cir. 2000)…………….…..17

Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) …………..…… 15

City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 709 (1999)………………………………………………………………..…………20

Covell v. Community Physicians of North Port, P.A., No. 23-10853 (11th Cir. May 1, 2024) (unpublished, but citable per 11th Cir. R. 36-2)……….……….………..20

EEOC Appeal No. 0120162727 at 3 (Nov. 16, 2016)………….……………….18

EEOC Appeal No. 2020000316 at 2 (Dec. 2019).……………….…….……..17

EEOC v. AutoZone, Inc., 630 F.3d 635, 643 (11th Cir. 2010).………….……..9

EEOC v. Commercial Office Products Co., 486 U.S. 107, 115 (1988) ……...…… 16

EEOC v. Ford Motor Co., 782 F.3d 753, 768 (6th Cir. 2015).…….…………….20

Everett v. Grady Memorial Hospital, 703 F. App'x 938, 944 (11th Cir. 2017).……18

Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011).……….………..16

Haines v. Kerner, 404 U.S. 519 (1972).……………….……………………….20

Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1228 (11th Cir. 1999).……20

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1231 (11th Cir. 2001).……………..……………….……………….…….………..14, 18

Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1261 (11th Cir. 2007).………….19

Kinney v. St. Mary's Health, Inc. 76 F.4th 635, 644 (7th Cir. 2023) ……………..19

Lewis v. City of Union City, 934 F.3d 1169, 1180 (11th Cir. 2019).…………….14

Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001) ………..15, 19

National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) ……….14, 18

Owens v. Governor's Office of Student Achievement, 52 F.4th 1327, 1333 (11th Cir. 2022)………………………………………………………………….19

Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 927 (5th Cir. 1975) …………………………………………………………………….17

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) .... 16, 17, 20

Shields v. City of Fort Lauderdale, 50 F.4th 1088, 1092 (11th Cir. 2022)………..18

US Airways, Inc. v. Barnett, 535 U.S. 391, 401 (2002)………………………15, 20

Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016)……16

Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)………………….. 16

## STATUTES

28 U.S.C. § 1291..……………………………………………….……7

28 U.S.C. § 1331..……………………………………………..………7

42 U.S.C. § 12102(1)………………………………………………...14

42 U.S.C. § 12112(b)(5)(A) …………………………….……………… 19

42 U.S.C. § 12117(a) …………………………………………………………..15

42 U.S.C. § 2000e-5(e)(1) ……………………………..…………………….. .15

## RULES

Fed. R. App. P. 4..………………………………………………………… 7

Fed. R. App. P. 26.1…………………………………………………….…....5

Fed. R. App. P. 28………..…………………………………………………… 21

Fed. R. App. P. 32 …………………………………………………………..21

Fed. R. Civ. P. 56(a) …………………………………………………….. 15

11th Cir. R. 26.1-2……………………………………………….……………5

11th Cir. R. 28-2…………………………………………………..…….. 15

11th Cir. R. 32-2………………………………………………………..21

## III. CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-2, the undersigned certifies that the following have an interest in this appeal's outcome:

1. Serian, Elisabeth – Plaintiff-Appellant, *pro se*

2. JetBlue Airways Corporation – Defendant-Appellee

3. Raymond Berti – Counsel for Defendant-Appellee (R. Doc. 43)

4. Akerman LLP – Counsel's law firm

5. Julie S. Sneed – U.S. District Judge, Middle District of Florida

6. BlackRock, Inc. – Institutional investor (~18.4% of JetBlue's stock)

7. Vanguard Group Inc. – Institutional investor (~11% of JetBlue's stock)

The foregoing list includes all known interested persons to the best of my knowledge.

Corporate Disclosure Statement:

The undersigned *pro se* Plaintiff-Appellant, Elisabeth Serian, is an individual with no corporate disclosures. JetBlue Airways Corporation has no parent corporation. BlackRock, Inc. owns ~18.4% and Vanguard Group Inc. owns ~11% of JetBlue's stock, per SEC filings as of December 2024.

## IV. JURISDICTIONAL STATEMENT

The Middle District of Florida had jurisdiction under 28 U.S.C. § 1331 (ADA and Title VII claims). This Court has jurisdiction over the appeal from the final judgment entered June 17, 2025 (R. Doc. 72), granting summary judgment, pursuant to 28 U.S.C. § 1291. Appellant filed a timely Notice of Appeal on July 17, 2025, per Fed. R. App. P. 4(a)(1)(A).

## V. STATEMENT OF ISSUES

1. Did the District Court err in finding Appellant's EEOC charge untimely (filed August 17, 2022 and obtained right-to-sue letter September 2023) despite the EEOC's right-to-sue letter and disputes over when Appellant knew of the ADA violation, and in finding the Complaint (filed December 26, 2023, within 90 days) untimely?

2. Did the District Court err in failing to apply equitable tolling, given Appellee's failure to endorse reaching out to the EEOC and misleading conduct?

3. Did the District Court err by not recognizing a continuing violation from repeated accommodation denials and termination?

7

4. Did the District Court err in resolving factual disputes over Appellee's failure-to-accommodate Appellant's disability under the ADA?

## VI. STATEMENT OF THE CASE

A.  Factual Background

A.  Plaintiff-Appellant, Elisabeth Serian, was a JetBlue Airways Flight Attendant from March 2014 - April 2022.

B.  In July 2020, JetBlue disregarded the Plaintiff-Appellant's accommodation request in violation of the Americans with Disabilities Act's (ADA) interactive process. The Plaintiff-Appellant requested an exemption from the mask mandate, while the accommodation they initially consented to was a face shield, the Defendant-Appellee exploited the pandemic as a pretext to deny the Plaintiff-Appellant a reasonable accommodation.

C.  On April 12, 2022, after years of prolonged mask use at high altitudes in her role as a JetBlue flight attendant, the Plaintiff-Appellant called in her Family and Medical Leave Act (FMLA) leave during her shift due to a severe migraine. Shortly after returning home, her symptoms escalated, with multiple episodes of vomiting rendering her unable to retain fluids or

8

medication, marking the most distressing medical episode of her life. She documented the migraine's onset at work and its progression in contemporaneous text messages with her husband, without anticipating their legal significance, as corroborated by her deposition[1] (R. Doc. 69-1). *See EEOC v. AutoZone, Inc.*, 630 F.3d 635, 643 (11th Cir. 2010) (contemporaneous documentation supports ADA claims); *Akridge v. Alfa Mutual Insurance Co.*, No. 19-10827 (11th Cir. 2021) (migraines within chronic conditions qualify as disabilities). JetBlue's failure to accommodate the Plaintiff-Appellant's known migraine condition, exacerbated by prolonged mask use, triggered this episode. On April 13, 2022, the mask mandate was extended once more. The mandate was *originally* scheduled to expire on April 18, 2022, but it appeared that its duration had been indefinitely extended. Due to her deteriorating health, Plaintiff-Appellant used the open-door policy to contact the CEO, as  evidenced by her keynote for the investigatory meeting, (R. Doc. 69-6 starting at 13), where a pilot similarly inquired about masks. The CEO assured her the company was working to end the mandate, emphasizing this as likely the final extension. Non-inflight personnel may underestimate the unique challenges flight crews faced under the inconsistent mask mandate, which created an

---

[1] The Deposition is shown as a read and sign from the opposition to summary judgment because Plaintiff-Appellant was not offered, or knew she could ask for the Deposition to read and sign until May 16, 2025.

unprecedented and traumatic environment. A mandate that was no longer imposed in federal buildings, including the Middle District of Florida (R. Doc. 69-3).

D.  On April 13, the Plaintiff-Appellant employed the open door policy and sent the CEO a direct and forthright email. In response to her concerns regarding the extension of the mask mandate, the Plaintiff-Appellant communicated her feelings to the CEO, detailing the personal impact it had on her health and explicitly requesting action[2].

E.   As a result of this email, the Plaintiff-Appellant was scheduled for a mandatory investigatory meeting on April 18, 2022[3]. During the meeting, the Plaintiff-Appellant reiterated her request for an accommodation and clarified her directness in the email she had previously sent. As per the ADA regulations governing the request for an accommodation, the Plaintiff-Appellant adhered to the proper procedures.

F.  On the evening of April 18, 2022, the mask mandate which had been in effect during the investigatory meeting, was terminated. The Plaintiff-Appellant was naturally pleased that the mask mandate had been lifted,

---

[2]It is noteworthy that the Plaintiff-Appellant has previously provided evidence demonstrating that she was not merely a random crew member who initiated contact with the CEO, but rather an individual whom he had exhibited a high level of respect towards. (R. Doc. 69-6, at 3).

[3] A meeting the Defendant-Appellee claimed never happened. (R. Doc. 69-5).

allowing her to resume her work. She subsequently emailed the team leads and Human Resource Person who were present at the investigatory meeting to inquire about her return to work. Instead, on April 26, 2022, the Plaintiff-Appellant was unjustly terminated from her employment, over the phone, without the presence of her union representative. She was then given reasons that were never previously mention that are unfounded and pretextual (R. Doc. 68-16 at 3). The Defendant-Appellees fabricated a pretext to justify their termination of the Plaintiff-Appellant, as the mask mandate concluded prior to their ability to utilize it against the Plaintiff-Appellant.

G.  Upon termination of employment, the Plaintiff-Appellant initiated the process with the Equal Employment Opportunity Commission (EEOC). She filed her charge on August 17, 2022. In September 2023, the Plaintiff-Appellant received her legal right-to-sue letter and filed within the stipulated timeframe.

B.  Procedural History

A.  Plaintiff-Appellant filed her complaint December 26, 2023, alleging the Defendant-Appellee discriminated against Plaintiff-Appellant by not

providing a reasonable accommodation based on her disability, created a hostile work environment, retaliated against her and then terminated her in violation of ADA and Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. §§ 12101 et seq.

B. After motions put forth by the Defendant-Appellee, the Plaintiff-Appellant was left with a charge of violation of ADA. Throughout Discovery the Plaintiff-Appellant filed a motion to amend the Complaint, adding back in Retaliation (R. Doc. 48), however that was denied (R. Doc. 54). The District Court's denial of Plaintiff-Appellant's motion to amend overlooked retaliation for her protected activity of requesting accommodations, which is broadly protected *Burlington N. & S.F.R. Co. v. White*, 548 U.S. 53, 68 (2006).

C. The Defendant-Appellee moved for summary judgment, arguing the EEOC charge was untimely based on the first accommodation request; leaving out the 2nd accommodation request that took place April 18, 2022. The Plaintiff-Appellant opposed this motion, asserting that she had complied based on the second accommodation request, which is a direct continuation of the first accommodation request. The final request occurring on April 18, 2022, triggering the 300-day clock. (R. Doc. 69)

12

D.  The EEOC gave the Plaintiff-Appellant her right-to-sue letter with the knowledge in mind of when the first and second accommodations were requested. (R. Doc. 2-2).

E.  On June 16, 2025, the District Court granted summary judgment, finding the charge untimely and was entered in on June 17, 2025 (R. Doc. 71 and 72).

F.  Plaintiff-Appellant sent her notice of appeal on July 16, 2025. It was entered in July 17, 2025 (R. Doc. 74).

## VII. SUMMARY OF ARGUMENT

The District Court erred in granting summary judgment, finding Appellant's EEOC charge untimely. Appellant's Opposition to summary judgment (R. Doc. 69) establishes that her April 18, 2022 accommodation request renders the charge timely. The central issue is Appellee ignored Appellant's second accommodation request, despite compliance with ADA procedures governing the request for an accommodation[4]. Following the denial of her initial accommodation request, the

---

[4] EEOC, Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the ADA, 29 C.F.R. § 1630.2(o) (2002) (requests need not use "accommodation"; plain language suffices if intent clear); see also ADA Nat'l Network, What is the Process to Request a Reasonable Accommodation? https://adata.org/faq/what-process-request-reasonable-accommodation (last visited Aug. 24, 2025). Appellant diligently documented her requests (R. Docs 68-12, 69-6 at 12).

13

Appellant reasonably refrained from repeating the term "accommodation." In her April 2022 email communication (R. Doc. 68-12), she explicitly sought relief for her health condition, as permitted by the Americans with Disabilities Act (ADA) guidelines, which do not mandate formal language (see footnote 4). The Appellant suffers from migraines and had been on FMLA throughout her employment for them, see 42 U.S.C. § 12102(1); *Lewis v. City of Union City*, 934 F.3d 1169, 1180 (11th Cir. 2019), recognizing migraines as a potential disability if substantially limiting). The email she sent provided the Appellant with an opportunity to explain her position at an investigatory meeting. As evidenced by the keynote presentation she created for the investigatory meeting, the Appellant is explicitly requesting an accommodation. (R. Doc. 69-6, at 12). The Appellee's sole argument is the initial accommodation request filed in July 2020. The Appellant's case would be invalid if she had not emailed the CEO April 13, 2022. The email in question (R. Doc. 68-12 ) explicitly states that her health condition prevents her from wearing a mask, necessitating a resolution. She reiterated this point at the mandatory investigatory meeting and subsequently requested an accommodation on April 18, 2022. The repeated denials and termination constitute a continuing violation under *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (ongoing acts constitute single unlawful practice); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001) (ADA violations timely if one act within period). JetBlue's failure to engage in the interactive process and pretextual termination

14

violate the ADA. *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 756 (11th Cir. 2023) (failure to provide interpreter violated interactive process); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001); *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002) (reasonable accommodations required absent undue hardship). The Eleventh Circuit requires an adverse action for ADA claims (*Beasley,* 69 F.4th at 756), unlike other circuits, satisfied here by Appellant's termination.

## VIII. ARGUMENT

## A. STANDARD OF REVIEW

This Court reviews summary judgment De Novo, viewing evidence in Appellant's favor. *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000); Fed. R. Civ. P. 56(a). Citations comply with 11th Cir. R. 28-2 (e.g., R. Doc. 23).

## B. THE DISTRICT COURT ERRED IN FINDING THE EEOC CHARGE UNTIMELY

1. Factual Disputes Over Knowledge:

The District Court erred in finding the EEOC charge (filed August 17, 2022) untimely under 42 U.S.C. § 2000e-5(e)(1) (via 42 U.S.C. § 12117(a)), requiring filing within 300 days in Florida. The EEOC's issuance of a right-to-sue letter

suggests timeliness after reviewing both requests (R. Doc. 2-2), aligning with screening practices; it serves as prima facie evidence, *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 115 (1988)[5]. Appellee claims the July 2020 denial triggered the 300-day clock, but Appellant was unaware it was discriminatory until her 2nd accommodation request denial and subsequent termination. *Amey v. U.S. Postal Serv.*, EEOC Appeal No. 0120112727, at 4 (October 19, 2011) (tolling when comparator evidence reveals discrimination). The District Court's reliance on Appellee's timeline violated *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)[6]. Ultimately, if the EEOC had deemed the charge to be untimely, it would have explicitly been stated and the charge dismissed. Additionally, *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (equitable tolling applies when employer's actions delay filing).

2. Equitable Tolling:

EEOC deadlines are subject to equitable tolling when a Appellant lacks notice or is misled. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016). Appellee's Code of

---

[5] See id. at 115; see also Mach Mining, LLC v. EEOC, 575 U.S. 480, 488 (2015) (EEOC's role in timeliness). EEOC, 'Enforcement Guidance on Harassment in the Workplace' (2024) (ongoing related acts as single practice, applicable to ADA by analogy).

[6] https://www.eeoc.gov/federal-sector/digest/digest-equal-employment-opportunity-law-58

16

Conduct[7] provides an example of handling discrimination, but it doesn't recommend contacting the EEOC. Furthermore, the Appellant was never advised to contact the EEOC; instead, she was instructed to reach out internally. While the Crewmember Blue Book does provide the necessary information regarding the EEOC, Appellee's Code of Conduct should unequivocally mandate that crewmembers contact the EEOC if their concerns remain unaddressed. The Appellant was unaware that her ADA rights had been violated until the second violation and subsequent termination. Appellee's negligence in posting EEO notices and providing training further exacerbated this problem. *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 927 (5th Cir. 1975); *Carter v. West Pub. Co.,* 225 F.3d 1258, 1263 (11th Cir. 2000) (tolling for inadequate EEO notices); EEOC Appeal No. 2020000316, at 2 (Dec. 2019) (tolling for inadequate notice). The District Court ignored this evidence, violating *Reeves*, 530 U.S. at 150.

3. Continuing Violation:

The District Court erred in treating the July 2020 denial as a separate act and in failing to recognize the Appellant's additional accommodation request that occurred in April 2022. Appellee's July 2020 denial[8] (R. Doc. 68-8), April 18, 2022

---

[7] https://s202.q4cdn.com/853609783/files/doc_downloads/JetBlue-Code-of-Conduct.pdf at page 20

[8] The Appellant had originally requested to not wear a mask, after a phone call with ADA she was told a face shield would be offered. Shortly after that conversation the face shield was rescinded and no reasonable accommodation was offered. This is noted in (R. Doc. 69).

denial, and April 26, 2022 termination form a continuous violation, rendering the charge timely. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002), this doctrine applies to ADA claims where related acts, like repeated denials, culminating in termination, form a single practice (*Hipp*, 252 F.3d at 1231). EEOC Appeal No. 0120162727, at 3 (Nov. 16, 2016) (ongoing violations as single practice)[9]. And as affirmed in *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001) (continuing ADA violations timely if one act falls within the filing period); *Shields v. City of Fort Lauderdale*, 50 F.4th 1088, 1092 (11th Cir. 2022), Appellee's repeated denials and termination constitute a continuing violation, rendering the charge timely. Similarly, in *Everett v. Grady Memorial Hospital*, 703 F. App'x 938, 944 (11th Cir. 2017), repeated ADA violations are timely if one act occurs within the filing period, as here with the April 2022 denial

## C. THE DISTRICT COURT ERRED IN DISMISSING THE ADA FAILURE-TO-ACCOMMODATE CLAIM

The Appellant's severe medical episode (R. Doc. 69-1) was a direct result of Appellee's refusal to accommodate her condition, violating the ADA. The ADA

---

[9] https://www.eeoc.gov/laws/guidance/enforcement-guidance-harassment-workplace See EEOC, 'What You Should Know About COVID-19 and the ADA' (updated 2023) (long COVID as disability; face shields reasonable). Ongoing denials form a single practice if related, per EEOC guidance on harassment.

requires employers to provide reasonable accommodations absent undue hardship. 42 U.S.C. § 12112(b)(5)(A). Appellant's face shield request was reasonable, but Appellee denied it without engaging in the interactive process or showing undue hardship.  Here, Kinney's job description said that the position required evaluating staff in the department and serving as a "liaison between the radiologists, radiology residents, chairperson, radiology staff and other department leaders." The position also required overseeing proper functioning of sophisticated medical imaging equipment and ensuring that facilities and equipment were maintained "to promote efficiency, health, comfort and safety of patients and staff." *Kinney v. St. Mary's Health, Inc.*, 76 F.4th 635 (7th Cir. 2023) Kinney's on-site duties made remote work impractical. "In response, Greaney suggested a plastic face shield and reached out to the hospital's supplier of personal protective equipment to try to find a mask that would not cause irritation." *Kinney v. St. Mary's Health, Inc.*, 76 F.4th 635 (7th Cir. 2023) No. 22-2740. Unlike *Kinney*, where a face shield was suggested, Appellee rejected Appellant's request without justification, despite lesser safety concerns. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1261 (11th Cir. 2007) (failure to engage leads to liability; cited in *Beasley*); *Beasley v. O'Reilly Auto Parts,* 69 F.4th 744, 756 (11th Cir. 2023) (failure to provide interpreter violated ADA interactive process); *Owens v. Governor's Office of Student Achievement*, 52 F.4th 1327, 1333 (11th Cir. 2022); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). Evidence of *Kinney* receiving

accommodations creates a factual dispute, precluding summary judgment, per *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1228 (11th Cir. 1999); *Reeves*, 530 U.S. at 150; *EEOC v. Ford Motor Co.*, 782 F.3d 753, 768 (6th Cir. 2015); *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002). Unlike *Covell*, where no qualifying disability was alleged, Appellant's records (R. Doc. 69-1) document severe health deterioration from mask use, satisfying ADA disability criteria. *Covell v. Community Physicians of North Port, P.A.*, No. 23-10853 (11th Cir. May 1, 2024) (no qualifying disability for mask objection where alternative provided)[10].

## IX. CONCLUSION

This case's uniqueness in the COVID-era mask mandate context draws on established ADA precedents for support. This Court should reverse the summary judgment and remand for trial. Remand would preserve Appellant's Seventh Amendment right to a jury on disputed material facts, such as the reasonableness of the accommodation denials. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) (jury for ADA damages claims). As a *pro se* litigant, Appellant respectfully submits this Brief, supported by evidence and precedent, for the Court's consideration. *Haines v. Kerner,* 404 U.S. 519 (1972).

---

[10] Flexible accommodations during public health crises protect vulnerable workers, aligning with EEOC goals.

## X. CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Fed. R. App. P. 32(a)(7)(B), containing 2,971 words, excluding exempted parts, and meets typeface and style requirements, per Fed. R. App. P. 32(a)(5)-(6) and 11th Cir. R. 32-2. This Brief also complies with the requirements of Fed. R. App. P. 28(a), including a jurisdictional statement and a standard of review for each issue.

Elisabeth Serian
*Pro Se*
1650 N Mills Ave
Apt. 166
Orlando, FL
32803
407-222-8797

## XI. CERTIFICATE OF SERVICE

I certify that on August 25, 2025, a true copy of this brief was served via CM/ECF on Raymond Berti, counsel for Defendant-Appellee, JetBlue Airways Corporation, at Akerman LLP.